## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUNIUS LEISURE, II,** | : | |
| *Petitioner* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT MARK** | : | **No. 18-1261** |
| **CAPOZZA,** *et al.,* | : | |
| *Respondents* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                    APRIL *9* , 2020

*Pro se* habeas petitioner Junius Leisure, II filed a document titled "Motion for a Reconsideration of 'Order' Denying '*In Forma Pauperis*.'" (Doc. No. 63). To the extent the Court can construe this document as both (1) Mr. Leisure's request to reconsider of one the Court's prior rulings and (2) Mr. Leisure's fourth request for appointed counsel, the requests are denied for the reasons set forth in this Memorandum.

On April 9, 2018, the Court denied Mr. Leisure's initial application for leave to proceed *in forma pauperis* and instructed Mr. Leisure to pay the $5 filing fee. The Court received Mr. Leisure's filing fee on May 1, 2018. On June 7, 2019 and February 13, 2020, the Court deemed moot two subsequently filed applications for leave to proceed *in forma pauperis*. (Doc. Nos. 39, 57). Mr. Leisure now moves for reconsideration of the order deeming moot his third *in forma pauperis* application. A proper motion for reconsideration must rely on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *see also Max's Seafood Café, by Lou-Ann, Inc. v. Quineteros*, 176 F.3d 669, 677 (3d Cir. 1999). To the extent Mr. Leisure's motion concerns the mootness of his third *in forma*

*pauperis* application, Mr. Leisure does not set forth any proper grounds for reconsideration. Therefore, Mr. Leisure's request to reconsider the Court's determination to deem moot his third *in forma pauperis* application is denied.

However, in his letter dated February 20, 2020, (Doc. No. 58), and his motion for reconsideration, (Doc. No. 63), Mr. Leisure stated that he filed his third *in forma pauperis* application in an attempt to demonstrate his need for the appointment of counsel. Mr. Leisure first moved for the appointment of counsel in November 2018. (Doc. No. 11). Magistrate Judge Linda K. Caracappa denied without prejudice Mr. Leisure's request for counsel. (Doc. No. 14). Mr. Leisure submitted a second motion for appointment of counsel in May 2019, (Doc. No. 38), which Magistrate Judge Caracappa again denied without prejudice, (Doc. No. 39). Mr. Leisure then submitted a third motion for appointment of counsel in September 2019, (Doc. No. 47), which Magistrate Judge Caracappa similarly denied without prejudice, (Doc. No. 52).

To the extent Mr. Leisure's motion can be construed as his fourth request for the appointment of counsel, his request is denied. "Civil litigants have no constitutional or statutory right to appointed counsel." *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019) (citing *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992) (noting that "there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings"). Nonetheless, counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B).[1] To determine whether the interests of justice require the appointment of counsel, the Court will consider whether Mr. Leisure has presented a meritorious claim and whether the appointment of counsel will benefit him and the Court, given the legal complexity of

---

[1]     Likewise, 28 U.S.C. § 1915(e)(1) states that a court may "request an attorney to represent any person unable to afford counsel."

the issues and Mr. Leisure's ability to present his claims and investigate facts. *Chisolm v. Ricci*, No. 10-2900, 2012 WL 1965339, at \*1 (D.N.J. May 31, 2012); *Miller v. Glover*, No. 09-2891, 2010 WL 2560435, at \*1 (D.N.J. June 23, 2010); *Biggins v. Snyder*, No. 99-188, 2001 WL 125337, at \*3 (D. Del. Feb. 8, 2001).

Here, the Court first considers whether Mr. Leisure possibly states non-frivolous, meritorious claims. In his amended petition, Mr. Leisure challenges his Pennsylvania state court conviction on several grounds, including claims of ineffective assistance of counsel, newly discovered evidence of witness intimidation, and a newly recognized constitutional right. At the very least, Mr. Leisure's claim that trial counsel abandoned him by failing to file a direct appeal is not entirely frivolous on its face. The Court notes, however, that the initial petition was filed months after the strict statutory one-year time limitation for filing federal habeas petitions had already passed. *See* 28 U.S.C. § 2244(d)(1). Solely for the purposes of determining whether the appointment of counsel is appropriate, the Court will assume that there could be some applicable rationale for statutory and/or equitable tolling at play. Therefore, the Court will assume that there exists a possibility that Mr. Leisure's amended petition is not entirely frivolous and may be meritorious.

Next, the Court considers whether the appointment of counsel will benefit the Court and Mr. Leisure. Indeed, this case appears to be fairly "straightforward" and possibly "capable of resolution on the record." *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997) (citing *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990)). Moreover, Mr. Leisure has demonstrated his capability to proceed *pro se* by filing with the Court several articulate applications, motions, and letters which show his competence and understanding of the relevant legal issues. Because Mr. Leisure is currently incarcerated, he also has access to a prison law library and, therefore, is

able to conduct legal research. *See Miller*, 2010 WL 2560435, at *2 (citing *Jones v. Kearney*, No. 99-834, 2000 WL 1876433, at *2 (D. Del. Dec. 15, 2000)) (considering a petitioner's access to a prison law library in denying a habeas petitioner's motion to appoint counsel). Indeed, Mr. Leisure's ability to investigate the law is demonstrated by the extensive citations contained in his filings. *See, e.g.*, Am. Habeas Pet. (Doc. No. 10) (citing 24 legal sources in his amended petition).

Mr. Leisure's focus on demonstrating his indigent status through multiple applications to proceed *in forma pauperis* misses the mark. Even if the Court assumes that Mr. Leisure could successfully demonstrate his status as an indigent habeas petitioner, his multiple filings requesting the appointment of counsel thus far have failed to show that the interests of justice require his requested appointment of counsel. Because it does not appear that appointed counsel would benefit Mr. Leisure and the Court, the Court denies Mr. Leisure's fourth request for the appointment of counsel.

Therefore, the Court denies Mr. Leisure's motion for reconsideration. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE