IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUNIUS LEISURE, II,** | : | |
| *Petitioner* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT MARK** | : | **No. 18-1261** |
| **CAPOZZA,** *et al.*, | : | |
| *Respondents* | : | |

## ORDER

**AND NOW**, this _31st_ day of _August_, 2020, upon consideration of *pro se* Petitioner Junius Leisure's Revised Petition for Writ of Habeas Corpus (Doc. No. 10), Mr. Leisure's Memorandum in Support of his Petition (Doc. No. 34), Respondents' response thereto (Doc. No. 41), Magistrate Judge Linda K. Caracappa's Report and Recommendation (Doc. No. 53), Mr. Leisure's Objections to the Report & Recommendation (Doc. No. 61), the state court record, and Mr. Leisure's request to admit an additional document into the record (Doc. No. 67), it is **ORDERED** that the Report and Recommendation (Doc. No. 53) is **APPROVED** and **ADOPTED**. Mr. Leisure's Objections (Doc. No. 61) are **OVERRULED**.[1] Mr. Leisure's request to admit an additional document is **DEEMED**

---

[1] Pursuant to 28 U.S.C. § 2244(d)(1)(A), starting on July 25, 2016, Mr. Leisure had one year to file a timely federal habeas petition. For purposes of assessing the timeliness of Mr. Leisure's habeas petition, the earliest possible date that Mr. Leisure's petition could be considered filed is March 7, 2018. Reasoning that Mr. Leisure's habeas petition was not filed within the strict one-year limitation period and that equitable tolling is inapplicable here, Magistrate Judge Linda Caracappa recommended dismissing the petition as untimely. Accordingly, the Report and Recommendation only addressed Mr. Leisure's arguments that could be construed as addressing the timeliness of his petition.

In Mr. Leisure's objections to the Report and Recommendation, he raises substantially the same arguments that he raised in his prior filings in this matter, including that § 2244(d)(1)(A)'s one-year time limitation should not preclude his petition for habeas relief for the following reasons: (1) evidence of witness intimidation proves his actual innocence; (2) his trial counsel abandoned him by failing to file a direct appeal; (3) sentencing him for two separate terms of imprisonment for two counts of Indecent Assault was illegal; and (4) his sentence is unconstitutional in light of *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. Ct. 2017). Moreover, Mr. Leisure argues that Magistrate Judge Caracappa's reasoning that he failed to pursue his rights diligently is "absolutely '[a]bsurd.'" Pet.'s Objections at 6 (Doc. No. 61). The Court finds that Magistrate Judge Caracappa thoroughly addressed each of Mr. Leisure's arguments concerning the timeliness of his petition and correctly concluded that each was without merit.

First, a petitioner's claim of actual innocence can only permeate a procedural bar to his petition if "he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir 2017)

**MOOT**.[2] The Petition (Doc. No. 10) is **DISMISSED** with prejudice. There is no probable cause to issue a certificate of appealability.[3] The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

(quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). Because Mr. Leisure's claim of actual innocence does not rely on new evidence of witness intimidation, the Court agrees with Magistrate Judge Caracappa that this argument is meritless.

Second, the Court agrees with Magistrate Judge Caracappa that Mr. Leisure's habeas petition should not be equitably tolled based on trial counsel's alleged abandonment because he failed to pursue his rights diligently. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). According to Mr. Leisure, he realized that he would have to proceed *pro se*, Mem. in Supp. at ECF p. 7 (Doc. No. 34), when his attorney abandoned him "immediately after [the guilty plea was entered,]" Pet. at ECF p. 12 (Doc. No. 10).

Here, Mr. Leisure waited nearly two months after the deadline to submit a timely federal habeas petition already passed to file his first petition for transcripts with the Commonwealth Court and nearly eight months after the deadline passed to file his federal habeas petition. The Third Circuit Court of Appeals has considered one month enough time for a *pro se* petitioner, "acting with reasonable diligence, to prepare and file at least a basic *pro se* habeas petition." *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *see also Christin v. Mechling*, No. 03-4066, 2006 WL 2321904, at *6 (E.D. Pa. Aug. 8, 2006) (reasoning that "two months was more than ample time for petition to prepare and file a habeas petition"). Despite Mr. Leisure's contentions that such a timeline is "absurd," Mr. Leisure's extended delay in filing his federal habeas petition and filing a petition for transcripts with the Commonwealth Court demonstrates that he failed to pursue his rights diligently.

Third, Magistrate Judge Caracappa did not address Mr. Leisure's argument that he should not have been sentenced for two counts of Indecent Assault because it does not have to do with the petition's timeliness. The Court follows suit because this argument does not provide a basis for equitable tolling.

Fourth, the Court agrees with Magistrate Judge Caracappa that *Butler*'s determination that the procedures for designating individuals as sexually violent predators are unconstitutional is inapposite. *Butler* did not apply retroactively to cases on collateral review. Moreover, the Supreme Court of Pennsylvania has since reversed *Butler*'s holding, reasoning that the procedures at issue are in fact constitutionally permissible. *Commonwealth v. Butler*, 226 A.3d 972, 976 (Pa. 2020).

Therefore, the Court approves and adopts the well-reasoned Report and Recommendation and overrules Mr. Leisure's objections.

[2] The Court deems moot Mr. Leisure's request to admit an additional document into the record. Even if the Court assumes that the admission of such a document would be proper, such an admission does nothing to overcome the untimeliness of the petition.

[3] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). There is no probable cause to issue a certificate in this action.

2